13-8-cv
*Ciulla-Noto v. Xerox Corporation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand fourteen.

PRESENT:
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

TAMARA CIULLA-NOTO,

> *Plaintiff - Appellant,*

v.                                                        13-8-cv

XEROX CORPORATION,

> *Defendant - Appellee.*

_____

FOR APPELLANT:      Tamara Ciulla-Noto, *pro se*, Spencerport, NY (Christina A. Agola, Christina A. Agola, PLLC, Rochester, NY, filed a brief on behalf of Appellant before being relieved).

FOR APPELLEE:      Stephen J. Jones, Esq., Nixon Peabody LLP, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Tamara Ciulla-Noto, proceeding *pro se*, appeals from the judgment of the district court granting summary judgment in favor of Appellee Xerox Corporation as to her claims of hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter

2

of law.  *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).  Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment in favor of Appellee as to Appellant's claims.  We affirm substantially for the reasons stated by the district court in its thorough and well-reasoned order.  *See Ciulla-Noto v. Xerox Corp.*, No. 09-cv-6451T, 2012 WL 6043882 (W.D.N.Y. Dec. 5, 2012).  To the extent that Appellant urges this Court to find that there exist triable issues of material fact, her arguments are foreclosed by her concessions, in the district court, that those facts are undisputed.  We have considered all of Appellant's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3